[Cite as *Volk v. Volk*, 2013-Ohio-1503.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| ROLAND VOLK, et al., | : | Sheila G. Farmer, P.J. |
|  | : | John W. Wise, J. |
| Plaintiffs-Appellees | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 12-CA-0117 |
|  | : |  |
|  | : |  |
|  | : |  |
| HELEN VOLK, et al., | : | O P I N I O N |
|  | : |  |
| Defendants-Appellants | : |  |

CHARACTER OF PROCEEDING:      Civil Appeal from Richland County
                              Court of Common Pleas Case No.
                              2012-CV-304

JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       April 3, 2013

APPEARANCES:

For Plaintiff-Appellee Roland Volk          For Defendant-Appellant

JOSEPH T. OLECKI                            J. JEFFREY HECK
Weldon, Huston & Keyser                     The Heck Law Offices, LTD
76 N. Mulberry Street                       One Marion Avenue, Suite 104
Mansfield, Ohio  44902                      Mansfield, Ohio  44903

For Receiver                                For Helen Volk

CHRISTOPHER R. PARKER                       LOUIS H. GILBERT
Goranson, Parker & Bella Co.                Calhoun, Kademenos & Childress
405 Madison Ave., Suite 2200                6 W. Third Street, Suite 200
Toledo, Ohio  43604                         Mansfield, Ohio  44902

*Delaney, J.*

**{¶1}**   Appellant, Dieter Volk, appeals from the October 19, 2012, and November 2, 2012, Judgment Entries of the Richland County Court of Common Pleas.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}**   The Mike Volk Company, Inc. ("MVC") was established by Michael Volk and his son, appellant Dieter Volk. Appellee Roland Volk was a director of MVC.

**{¶3}**   After Michael Volk died in October of 2011, appellee Roland Volk, both individually and as Executor of the Estate of Michael Volk, filed a verified complaint on March 12, 2012 against Helen Volk, who is Michael Volk's widow, appellant Dieter Volk and MVC seeking judicial dissolution of MVC, the appointment of a receiver, injunctive relief and a declaratory judgment. Pursuant to a Temporary Restraining Order filed on March 12, 2012, the trial court prevented Helen Volk, appellant Dieter Volk, MVC and/or their agents or representatives from closing or threatening to close the company or from taking company assets, pending the outcome of the proceedings.

**{¶4}**   On April 17, 2012, a hearing was held before a Magistrate on the request for appointment of a receiver.   The Magistrate, in a Decision filed on May 7, 2012, recommended that Steven Skutch be appointed receiver for MVC and that Skutch evaluate two offers to purchase MVC. The Magistrate, in his Decision, noted that   a group of current and former employees of MVC had created Ontario Mechanical, LLC and made an offer to purchase MVC and that appellant Dieter Volk also had made an offer. The trial court adopted the Magistrate's Decision as an interim order pursuant to Civ.R. 53(4)(e)(ii). No objections were filed to appointment of the receiver.

{¶5} On or about June 5, 2012, the Receiver issued a Report and Recommendation, recommending to the trial court that the offer of Ontario Mechanical for certain assets of MVC be accepted and that the remaining assets of MVC be auctioned following closing on the asset sale. The Receiver noted that both offers were for less than all of the assets of MVC. The Receiver also indicated there was a $22,200.00 difference between the Dieter offer and the Ontario offer, but that the difference was offset by two factors: "(1) a higher percentage of the accounts receivable should be collected if there is an orderly transition of assets from MVC to Ontario with little to no interruption of work; and (2) the $100,000 reduction in past due rent as offered by the Volk Family Limited Partnership, LLC. Together these factors will maximize the recovery of assets and minimize debt payments of The Mike Volk Co., Inc."

{¶6} As memorialized by an Agreed Judgment Entry filed on June 12, 2012, the parties agreed that all proceeds from liquidation or sale of equipment or inventory of MVC would be applied first to payment of Mechanics Bank. Mechanics Bank had a first lien upon all equipment, inventory and accounts receivable of MVC.

{¶7} After appellant Dieter Volk filed objections to the Receiver's Report, a hearing before a Magistrate was held on June 13, 2012. Pursuant to a Magistrate's Decision filed on June 19, 2012, the Magistrate recommended that the Receiver's Report be adopted and the assets and inventory requested by Ontario Mechanical be sold to Ontario Mechanical and the remaining assets of MVC be auctioned. Appellant Dieter Volk filed objections to the Magistrate's Decision. Via a Judgment Entry filed on

October 19, 2012, the trial court overruled the objections to the Magistrate's Report and Recommendation.

{¶8}   On October 31, 2012, the Receiver filed a Motion for Authority to Execute Asset Purchase Agreement and to Authorize and Confirm Sale of Assets in the Receivership. The Receiver, in such motion, asked the trial court for permission to proceed with the sale of the assets to Ontario Mechanical and for authority to pay Mechanics Bank. The trial court granted such motion as memorialized in an Order filed on November 2, 2012. The trial court authorized the Receiver to execute the Asset Purchase Agreement with Ontario Mechanical, to pay Mechanic's Bank with the proceeds from the sale, and to auction the remaining assets.

{¶9}   Thereafter, on November 13, 2012, appellant filed a Notice of Appeal from the trial court's October 19, 2012 and November 2, 2012 Judgment Entries and a Motion for Stay Pending Appeal.

{¶10} Pursuant to a Judgment Entry filed on December 12, 2012, the trial court overruled the Motion to Stay as moot stating, in relevant part, as follows:

{¶11} "On November 2, 2012 the court approved the receiver entering into an asset purchase agreement with the former employee group and confirmed the sale of the receivership assets to them. Receiver's counsel represents that the sale of those assets closed on November 13, 2012 at 11:00 a.m. – the same date defendant Dieter Volk filed his motion to stay at 2:51 p.m. –about four hours late.

{¶12} "As a consequence of that closing : 1) secured creditor Mechanics Bank was paid in full on its $105,000 demand note, 2) the Ontario Mechanical Group borrowed funds from Directions Credit Union, which is the new secured creditor of the

new company assets and 3) the Ontario Mechanical Group has continued to operate the business. Mr. Volk's motion to stay is thus untimely. The closing cannot be undone. It would destroy the value of this ongoing business to do otherwise…" (Footnote omitted).

{¶13} Appellant now raises the following assignment of error on appeal:

{¶14} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT COMPLETELY FAILED TO CONSIDER THE SUBSTANTIAL EFFECT OF ONTARIO MECHANICAL'S OFFER INCLUDING THE CRANES OF MIKE VOLK COMPANY THAT DRAMATICALLY CHANGED THE RELATIVE VALUES OF THE OFFERS AND THE VERY VIABILITY OF ONTARIO MECHANICAL'S OFFER."

I

{¶15} Appellant, in his sole assignment of error, argues that the trial court abused its discretion when it adopted the Magistrate's Decision recommending that the offer of Ontario Mechanical be accepted over the offer of appellant.

{¶16} We find, however, that appellant's appeal is moot. "'Actions or opinions are described as 'moot' when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations.'" *Rice v. Flynn,* 9th Dist. No. 22416, 2005–Ohio–4667, ¶ 23, quoting *Culver v. Warren*, 84 Ohio App. 373, 393, 83 N.E.2d 82 (7th Dist. 1948). Accordingly, mootness depends upon the absence of a live or actual controversy and the inability of a court to afford relief to a party on the issue before it. *Akron Dev. Fund I,*

*Ltd. v. Advanced Coatings Internatl. Inc.,* 9th Dist. No. 25375, 2011–Ohio–3277, ¶ 25–29.

**{¶17}** In the case sub judice, the Magistrate, after a hearing, recommended that the offer of Ontario Mechanical be accepted as the best offer and recommended that MVC be sold to Ontario Mechanical. Appellant then filed objections to such decision. After the trial court overruled appellant's objections to the Magistrate's Decision, the Receiver, on October 31, 2012, filed a Motion for Authority to Execute Asset Purchase Agreement and to Authorize and Confirm Sale of Assets in the Receivership. The trial court granted such motion on November 2, 2012 and authorized the Receiver to execute the Asset Purchase Agreement, to pay Mechanic's Bank with the proceeds from the sale, and to auction the remaining assets.

**{¶18}** Thereafter, on November 13, 2012, appellant filed a Notice of Appeal from the trial court's October 19, 2012 and November 2, 2012 Judgment Entries and a Motion for Stay Pending Appeal. However, the sale of the assets to Ontario Mechanical had already taken place just hours prior to the filing of the appeal and of the Motion for Stay. We concur with appellees[1] that the closing on the asset sale rendered the current appeal moot. See *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl. Inc.,* Id.

---

[1] We note that the Receiver, on December 28, 2012, filed a Motion to Dismiss Appeal as moot. No response to such motion was ever filed. The Motion to Dismiss is hereby GRANTED for the reasons stated herein.

{¶19} Appellant's appeal, is therefore, dismissed.

By: Delaney, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

PAD/d0308

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ROLAND VOLK, et al.,                          :
                                              :
                    Plaintiffs-Appellees      :
                                              :
                                              :
                                              :
-vs-                                          :        JUDGMENT ENTRY
                                              :
HELEN VOLK, et al.,                           :
                                              :
                    Defendants-Appellants     :        CASE NO. 12-CA-0117


For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Richland County Court of Common Pleas is dismissed.  Costs assessed to Appellant.


_____

_____

_____

JUDGES